**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3138-17T4

HEON KIM,

      Plaintiff-Respondent,

v.

ANDREW PARK, LAW OFFICES
OF ANDREW PARK, PC, and
ANDREW PARK, PC,

      Defendants-Appellants,

and

SIM & PARK, LLP,

      Defendant.

_____

      Argued June 18, 2019 – Decided August 2, 2019

      Before Judges Koblitz and DeAlmeida.

      On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-020039-14.

      David M. Wasserman argued the cause for pro se appellants.

Roy H. Mossi argued the cause for respondent (Song Law Firm, LLC, attorneys; Roy H. Mossi, on the brief).

PER CURIAM

This matter arises from a July 28, 2017 judgment for $23,000 in damages and approximately $36,000 in counsel fees and expenses entered against defendant Andrew Park after a two-day legal malpractice bench trial. He appeals from a January 24, 2018 order denying reconsideration. We affirm.

Defendant's amended notice of appeal states that he appeals only from the denial of his motion for reconsideration. See R. 2:5-1(e)(3)(i). "Reconsideration should be utilized only for those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence. . . ." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)); see also R. 4:49-2. We review denials of reconsideration under the abuse of discretion standard. See Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002).

Plaintiff Heon Kim hired defendant, an attorney, to represent him in a personal injury action arising from a motor vehicle accident in April 2006.

During the course of litigation, defendant did not respond to plaintiff's several inquiries about whether his personal injury protection (PIP) would cover accident-related back surgery he was considering. On June 16, 2009, after three postponements of the surgery and no word from defendant concerning coverage, plaintiff underwent surgery on his lumbar spine, assuming it would be covered by insurance. A week after the surgery, on June 23, the lawsuit was resolved through mediation for $500,000. Plaintiff realized approximately $331,000.

After the settlement, plaintiff, having indeed exhausted his PIP benefits, received a demand from the hospital for approximately $105,000 for his recent surgery. The hospital thereafter sought collection of the unpaid bill. Defendant initially represented plaintiff with respect to the hospital's collection suit, but after defendant, through inaction, allowed a mandatory arbitration award for the full amount of the bill to be entered, plaintiff retained his current counsel, who filed for a trial de novo. Plaintiff ultimately paid his current counsel $5000 to settle the hospital collection action for $18,000.

Plaintiff thereafter sued defendant for malpractice on the theory that defendant should have investigated whether plaintiff had exhausted his PIP coverage and informed plaintiff of his responsibility for the hospital bill before plaintiff's surgery and before the settlement of the accident claim. Plaintiff

testified he could not afford surgery unless he had PIP coverage, and postponed surgery until he believed defendant was able to "contact the insurance company" and "take care of the whole thing."

After a bench trial, the judge issued a written opinion in which he concluded that defendant failed to act in accordance with the professional standard of care he owed plaintiff by failing to ascertain PIP coverage and failing to communicate with plaintiff about the coverage. The judge based his decision on defendant's failure to advise plaintiff of the consequences of accepting the settlement without addressing the outstanding medical bill. The court concluded that plaintiff was damaged in the amount of $18,000, which is what he ultimately paid to the hospital to resolve his medical bill, and $5000 in legal fees charged by the firm that resolved the collection action. The court also awarded $27,604 in legal fees, and $8350 in costs on the successful malpractice claim. See In re Estate of Vayda, 184 N.J. 115, 121-22 (2005) (stating a claimant is entitled to recover attorney's fees for negligently performed services and reasonable legal expenses incurred in bringing a malpractice claim).

We defer to the factual and credibility findings of the trial court sitting as a factfinder. State ex. rel. D.M., 451 N.J. Super. 415, 424 (App. Div. 2017). "Legal malpractice is a variation on the tort of negligence." Garcia v. Kozlov,

4

Seaton, Romanini & Brooks, P.C., 179 N.J. 343, 357 (2004).  Thus, to prevail on a legal malpractice claim, "a plaintiff must prove a deviation from the standard, proximate causation, and damages."  Ibid.

Plaintiff's expert opined that defendant's conduct fell below the standard of care for lawyers by "executing the settlement without first resolving the insurance coverage issue or at least informing [plaintiff] of his exposure to a lawsuit by the hospital."  Plaintiff's expert opined that this lapse in communication and failure to fully explain the settlement constituted malpractice.  Defendant presented no opposing expert. The trial court found defendant did not give sufficient information to plaintiff to allow plaintiff the informed choice as to whether or not to forgo the back surgery.

Defendant argues lawyers are not held to "informed consent" standards, citing to Conklin v. Hannoch Weisman, 145 N.J. 395, 414-16 (1996).  Our Supreme Court held in Conklin that the medical concept of informed consent should not be imported into the legal malpractice area.  Id. at 415-16.  But, the Court stated, "[t]hat is not to say that a legal malpractice claimant's testimony concerning whether he or she would have entered into a transaction, if adequately informed of its risks, is irrelevant."  Id. at 416.

A-3138-17T4

Defendant challenged the adequacy of plaintiff's proofs of the third element, damages. That challenge triggers an inquiry: what harm does plaintiff claim defendant caused by deviating from accepted standards of legal practice during the handling of his personal injury case? Is the harm compensable and, if so, what is the measure of damages?

Defendant argues that, although the law was unclear in 2009 when plaintiff settled his personal injury case, the trial judge relied on a subsequently decided case, Wise v. Marienski, 425 N.J. Super. 110 (Law Div. 2011), which, similar to Haines v. Taft, 450 N.J. Super. 295 (App. Div. 2017), held that a plaintiff could recover from a jury for medical costs that exceed his PIP coverage. Our Supreme Court has recently determined that a jury cannot award damages in that situation. Haines v. Taft, 237 N.J. 271, 294-95 (2019). Defendant argues that, looking at the situation at the time of the settlement and today, plaintiff would be responsible for the hospital bill whether he settled or proceeded to trial, and the trial court's reliance on case law that was subsequently reversed should lead us to reverse the trial court.

The trial court found that defendant did not inform plaintiff that his PIP coverage was exhausted, although plaintiff sought this information. The court also found that defendant's negligence in not answering plaintiff's questions led

6

to costly surgery plaintiff might not otherwise have undergone. This finding was based on plaintiff's testimony, which the court found credible. We do not second-guess the credibility findings of the trial court. D.M., 451 N.J. Super. at 424. The trial judge did not abuse his discretion in denying reconsideration of his judgment in 2018, before our Supreme Court decided Haines.

In defendant's appellate brief, other than the reconsideration issue, he argued only that the trial judge erred in denying defendant's pre-trial dismissal motion, and another judge erred in denying defendant's pre-trial summary judgment motion, filed after the completion of discovery. These pre-trial orders, however, are not listed on his notice of appeal. R. 2:5-1(e)(3)(i). We therefore decline to review these orders. In any event, any concerns about the soundness of refusing to dismiss the matter pre-trial are quieted by the judge's determination after a bench trial that plaintiff proved his legal malpractice claim. See C.W. v. Cooper Health Sys., 388 N.J. Super. 42, 57 (App. Div. 2006) (summary judgment is proper where the evidence "is so one-sided that one party must prevail as a matter of law") (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)); see also Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (a claim survives a motion for dismissal where

"a cause of action is 'suggested' by the facts") (quoting <u>Velantzas v. Colgate-Palmolive Co.</u>, 109 N.J. 189, 192 (1988)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3138-17T4